IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JILLIAN GAUDIO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:20-cv-1074 |
| | § | |
| HOSPITAL HOUSEKEEPING SYSTEMS, LLC, | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

## COMPLAINT

Plaintiff, JILLIAN GAUDIO, files this Complaint and Jury Demand against Defendant HOSPITAL HOUSEKEEPING SYSTEMS, LLC, (Defendant, or HHS) alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., as amended by the ADA Amendments Act of 2008 ("ADA"), the Texas Commission on Human Rights Act; and the Family and Medical Leave Act. For causes of action, Plaintiff would show the Court as follows:

### I.

### PARTIES, JURISDICTION, VENUE, AND ADMINISTRATIVE EXHAUSTION

1.      Plaintiff JILLIAN GAUDIO is a resident of Orleans Parish, Louisiana.

2.      Defendant HOSPITAL HOUSEKEEPING SYSTEMS, LLC is an entity which can be served with Citation through its Registered Agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. .

3.      This Court has jurisdiction to hear the merits of Ms. Gaudio's claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a). The Court has supplemental jurisdiction over Ms. Gaudio's claims arising under Texas statutory law under 28 U.S.C. §1367.

4.      Venue is proper in this district and division under 42 U.S.C. §12117(a) (incorporating 42 U.S.C. §2000e-5(f)(3)) and 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in Travis County, Texas.

5.      Plaintiff exhausted her administrative remedies in this case by filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission and the Texas Workforce Civil Rights Division on February 25, 2019, within 180 days from the date of her termination on July 27, 2019.  Plaintiff received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission on or after June 28, 2020.  No notice of right to sue from the Texas Workforce Commission is needed for Plaintiff's claims under the TCHRA, and there are no administrative remedies required to be exhausted for Plaintiff's claims under the FMLA.

## II.

## FACTUAL BACKGROUND

5.      Plaintiff, Jill Gaudio, was hired by Defendant HHS on April 15, 2013.  Her most recent assignment was as an EVS Director at one of Defendant's facilities in Alaska. Ms. Gaudio suffers from Major Depressive Disorder, Unspecific Anxiety Disorder, and Generalized Anxiety Disorder. These conditions cause her to be substantially limited in several major life activities.

6.      On March 5, 2019, Ms. Gaudio began a leave of absence because of her medical conditions.  She was hospitalized from March 4, 2019, through March 10, 2019, and then spent time completing a course of intensive outpatient therapy.  Her leave of absence was covered by FMLA, and she was given a note by her doctor allowing her to return to work on May 17, 2019. Instead of allowing her to return to her position, Defendant told Ms. Gaudio that it was replacing her with another person. Defendant told her that it was not terminating her employment, but that the only way she could remain employed was to transfer to a lower-level and lower-paid position in another state. She was unable to do so, and was terminated on or around June 8, 2019.

2

## III.

## CAUSES OF ACTION

### COUNT ONE:
### ADA and TCHRA - Discrimination

7.    Defendants violated the Americans with Disabilities Act and the Texas Commission on Human Rights Act by refusing Plaintiff reasonable accommodations and by discharging Plaintiff.  42 U.S.C. § 12101 et seq.; Texas Labor Code §21.001 et seq.

8.    Under 42 U.S.C. §12112 and the Texas Labor Code, §21.001 et seq., it is unlawful for an employer to discriminate against any individual with respect to her employment because of that individual's disability or because the employer regards the individual as a person with a disability.

9.    Defendants are employers under the ADA and the TCHRA.

10.    Plaintiff was qualified for and could perform the essential functions of her job at the time of her termination.  Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and was regarded by the Defendants as a person with a disability.

11.    Plaintiff was meeting her employer's expectations.  Plaintiff was terminated as a direct result of her disability, her record of having a disability, and/or because Defendants regarded Plaintiff as a person with a disability.

12.    Defendants violated both the ADA and TCHRA by intentionally discriminating against Plaintiff because of her disability by refusing Plaintiff reasonable accommodations and by terminating Plaintiff's employment.  Plaintiff's disability and/or being regarded as disabled was a determining or motivating factor in Defendants' decision to terminate Plaintiff's employment.  Plaintiff's disability and/or Defendants' perception of Plaintiff as a person with a

3

disability moved Defendants toward their decision or was a factor that played a part in Defendants' employment decisions as to Plaintiff.

**COUNT TWO**
**Family and Medical Leave Act**

13.     The Family and Medical Leave Act contains two distinct provisions: (1) an entitlement clause and (2) an anti-discrimination clause. See 29 U.S.C. §§ 2612, 2615. The entitlement clause provides a series of entitlements which give certain rights to employees such as the right to have their job back once they return from a qualified leave. This FMLA also contains provisions preventing an employer from retaliating against an employee for taking FMLA leave. See 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). Defendant is in willful violation of the FMLA. Defendant violated 29 U.S.C. §2612, §2614 and 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b).

14.     Plaintiff availed herself of a protected right under the FMLA and was subsequently terminated.  There is a causal connection between the Plaintiff's protected activity and Defendant's decision to terminate Plaintiff.  Plaintiff's taking of FMLA was a motivating factor in the decision to terminate, and as such was a cause of Plaintiff's damages, as set forth below.

15.     In addition, an employee who takes FMLA leave under section 2612 shall be entitled, on return from such leave, to be restored by the employer to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment. See 29 U.S.C. §2614(a)(1). Furthermore, the taking of FMLA leave under section 2612 shall not result in the loss of any employment benefit accrued prior to the date on which the leave commended. See 29 U.S.C. §2614(a)(2). Defendant violated these provisions of the FMLA by refusing to reinstate her into her position following her FMLA leave.

## IV.

## DAMAGES

16.     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## V.

## COMPENSATORY DAMAGES

17.     Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of her association with a person with a disability. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.

## PUNITIVE DAMAGES

18.     The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.

## LIQUIDATED DAMAGES

19.     Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff and described in §IV, supra.

## VIII.

## ATTORNEYS' FEES AND EXPERT FEES

20.     A prevailing party may recover reasonable attorneys' and experts' fees under the ADA, FMLA, and TCHRA. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services,and any appeals. Plaintiff additionally brings suit for expert fees.

## IX.

## JURY DEMAND

21.     Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1.     The Court assume jurisdiction of this cause;

2.     The Court award Plaintiff damages as specified above;

3.     The Court award Plaintiff reinstatement or, in the alternative, front pay;

4.     The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5.     The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6.    The Court award Plaintiff reinstatement with a requirement of reasonable accommodation, or, in the alternative, that the Court award front pay to the Plaintiff. Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF